## WILLIAMS et v WILLIAMS

Ohio Appeals, 3rd Dist, Marion Co

Decided April 1, 1935

Booth, Keating, Pomerene & Boulger, Columbus, for plaintiffs in error.

Clark & Arter, Marion, for defendant in error.

## OPINION

By GUERNSEY, J.

This is an error proceeding from the Court of Common Pleas of Marion County. In that court the plaintiffs in error were defendants and the defendant in error was plaintiff, and the parties will be hereafter referred to in the relation they appeared in that court.

This is an action brought by the plaintiff Charles W. Williams as administrator de bonis non of the estate of John F. Williams, deceased, as plaintiff against Betty Williams and The Fidelity & Casualty Company of New York, a corporation, as defendants, to recover from the defendant Betty Williams as principal and the defendant The Fidelity & Casualty Company of New York as surety, the sum of $1063.22 found and adjudged by the Probate Court of Marion County, Ohio, on September 27, 1932, to be due to the estate of John F. Williams on settlement of the final account of Betty Williams as administratrix of the estate of John F. Williams, and ordered to be paid by Betty Williams to the plaintiff within ten days from September 27, 1932.

In his amended petition the plaintiff, in substance, alleges that he is the duly appointed, qualified and acting administrator de bonis non of the estate of John F. Williams, deceased, having received his appointment as such administrator de bonis non on the 26th day of September, 1930, from the Probate Court of Marion County, Ohio; that the defendant Betty Williams was the former administratrix of the estate of John F. Williams, deceased, having been appointed as such administratrix by the Probate Court of Marion County, Ohio, on the 15th day of April, 1926, and on that date having duly executed her bond as such administratrix, with the defendant The Fidelity & Casualty Company of New York, a corporation, as surety, whereby the defendant corporation became bound with Betty Williams in the sum of $4000, subject to the conditions mentioned in the bond.

A copy of the bond, which is in the ordinary form prescribed by statute, is then set forth in the petition, the pertinent parts of which are as follows:

"Now if said Betty Williams as administratrix of the estate of said John F. Williams, deceased; * * *.

"4. Pay any balance remaining in her hands upon settlement of her accounts to such persons as the court or the law directs; * * * then this obligation to be void; otherwise to remain in full force and virtue in law."

Following the copy of the bond it is further alleged in the petition that Betty Williams thereupon entered upon the trust of the administration and continued to act as such administratrix until the 8th day of August, 1927, when she was removed as administratrix and ordered to file her final account in the estate.

It is further alleged that the Probate Court of Marion County, Ohio, on the 27th day of September, 1927, found that Betty Williams had received assets belonging to the estate amounting to the sum of $7993.82; that she was entitled to total credits amounting to $6930.60, leaving a balance due the estate of $1063.22, which balance Betty Williams was ordered and directed by the Probate Court to pay to this plaintiff within ten days from the 27th day of September, 1932; and that Betty Williams and no one for her has paid that sum of $1063.22; and that such findings, orders and judgments of the Probate Court are still in full force and effect.

The plaintiff further alleges that the conditions of the bond have been broken by Betty Williams because of the failure to pay the sum of $1063.22 as aforesaid and there is now due this plaintiff from Betty Williams as principal and the defendant The Fidelity & Casualty Company as surety on the bond, the sum of $1063.22 with interest thereon at six per cent per annum from September 27, 1932. The prayer of the petition is for judgment for that amount with interest.

To this amended petition the defendants filed separate answers.

The defendant Betty Williams in her answer admits that she was the former administratrix of the estate in question having been appointed administratrix by the Probate Court of Marion County, Ohio, on the 15th day of April, 1926, and that on that date she executed her bond as such administratrix with the defendant. The Fidelity & Casualty Company of New York, a corporation, in the sum of $4000 subject to the conditions set out in the bond and thereupon continued to act as such administratrix until the 8th day of August, 1927, when she was removed and ordered to file her final account. She also admits defendants have refused to pay plaintiff the sum of $1063.22, but denies that there is now due the plaintiff from Betty Williams as principal, the sum of $1063.22. She further alleges that for want of knowledge as to the correctness of the findings of the Probate Court of Marion County, Ohio, she denies each and every allegation of the petition in respect thereto. She further denies each and every other allegation of the petition not expressly admitted in her answer to be true.

In its answer, the defendant The Fidelity & Casualty Company of New York makes the same admissions and allegations in substance as the defendant, Betty Williams does in her answer.

Subsequent to the filing of these answers and immediately preceding the date of the trial, the defendants filed separate amended answers to the amended petition. The first defense in each of the amended answers is the same as set forth in the original answers filed by each defendant, above mentioned.

For her second and third defenses in her amended answer, the defendant, Betty Williams, makes the following allegations:

"Defendant for her second defense makes the same admissions and denials contained in her first defense as fully as if rewritten herein, and as a counterclaim says that at the request of John F. Williams, from the 6th day of December, 1923, to the 29th day of March, 1926, she took care of him and his house, kept the books of his contracting business between said dates, cooked his meals and performed all of the duties that would be performed by a housekeeper and a bookkeeper and that for said services there is now due and owing her compensation at the rate of $20 per week, and that none of said compensation has been paid her.

"Third defense. No person interested in the estate of said John F. Williams filed exceptions within six months after the return of the inventory of said estate wherein the appraisers allowed the said Betty Williams $600 as widow of said John F. Williams, and therefore plaintiff is barred under §10639 GC in force at said time, from recovering said sum of $600 from the defendants."

In its amended answer to the amended petition, the defendant the Fidelity & Casualty Company, makes substantially the same allegations as defendant Betty Williams makes in her amended answer.

To these amended answers the plaintiff

filed his motion to strike from the files, for the following reasons:

1. The first defense is exactly the same defense as set forth in the answer of Betty Williams and the answer of The Fidelity & Casualty Company of New York, heretofore filed.

2. Betty Williams' second defense is in truth and in fact a purported counterclaim, and this court has no jurisdiction of such claim. The purported counter-claim could not be sued on unless presented to the present administrator, and he had rejected same, and such purported second defense or counterclaim would have to set forth that fact.

3. The third purported defense is not such as could be made in this case.

On the hearing of the plaintiff's motion the court held in effect that it was in effect a demurrer, found the same to be well taken and sustained it, to which defendants and each of them excepted.

The case was then tried to a jury and the plaintiff introduced evidence tending to prove the allegations of his petition. The defendants then offered and tendered evidence tending to prove the allegations of the first and second defenses in their amended answers which was refused and rejected by the court.

The jury returned a verdict in favor of the plaintiff for the full amount claimed and motions for new trial being filed and overruled, judgment was entered on the verdict, and this proceeding in error is brought to reverse this judgment.

Under the state of the record, the petition in error and brief of plaintiffs in error, the sole question to be determined is whether either the first or second defenses in the amended answers of the defendants stated facts sufficient to constitute a defense to the amended petition.

The second defense in each of the amended answers purports to set forth a set-off by way of claim for services rendered by the defendant Betty Williams to the decedent during his lifetime.

As shown by the pleadings in the case, Betty Williams was administratrix of the estate of John F. Williams and the amount found and adjudged to be due from her is a balance of funds coming into her hands as administratrix upon settlement of her final account as administratrix.

An administrator acts in a trust capacity and funds coming into his hands in such capacity are trust funds.

In the case of Cook County National Bank v United States, 107 U. S., 445, 2 Sup. Ct., 561, decided by the Supreme Court of the United States April 9, 1883, it was held:

"A trustee cannot set off against the funds held by him in that character his individual demand against the grantor of the trust. Courts of equity and courts of law will not allow such an application of the funds so long as they are affected by any trust. It would open the door to all sorts of chicanery and fraud. The fund must be relieved from its trust character before it can be treated in any other character."

And in the case of **McDonald v Admr. of Black, 20 Ohio, 185, 55 Am. Dec., 448**, it is held that:

"A party receiving property, part of the assets of an estate, can not, when sued for it, set off a debt due from the estate to him."

The last named case was followed and approved in the case of **Downer, Admr. v State Savings & Loan Co., 16 C.C. (N.S.), 378, 31 C.D., 551**, the syllabus of which is as follows:

"Where property of a decedent has come into one's possession after the death of the decedent, no right of set-off exists in favor of that person, as against the personal representative."

See also L.R.A. 1915A, 299 et seq.

Following these holdings it is clear that the defendants had no right to set off any claim that might be owing to the defendant, Betty Williams, from the decedent for services rendered prior to his death, against the claim of her successor administrator for trust funds coming into her hands as administratrix subsequent to the death of the decedent.

The order of the court sustaining the motion to strike as a demurrer to such defenses and rejecting evidence offered in support of such defense was therefore not erroneous.

With reference to the third defense in each of the amended answers, it will be noted that there is no allegation to the effect that the allowance of $600 made to the defendant, Betty Williams, as widow of John F. Williams, was not considered by the Probate Court in determining the amount of the balance due her from the

estate, and there is no allegation that the sum of $600 constitutes any portion of the sum sought to be recovered from her in the case at bar.

It is the general rule that the amount found due from an administrator or executor to the estate on the settlement of his accounts in the Probate Court is, in the absence of fraud or collusion, binding not only upon him, but also upon his sureties, in an action upon the administration bond, unless an appeal has been taken or the judgment has been reversed upon a proceeding in error. Slagel v Entrekin, 44 Oh St, 637, 10 NE, 675; Shroyer, Gdn. v Richman, 16 Oh St, 455; Wehrle v Wehrle, 39 Oh St, 365; Richardson v Peoples Natl. Bank, 57 Oh St, 299, 48 NE, 1100.

In the instant case neither fraud nor collusion is alleged and consequently this case comes within the general rule mentioned.

The settlement of the account of Betty Williams as administrator necessarily included an adjudication of the correctness and validity of credits claimed by her, including the correctness and validity of any credit to which she may have been entitled by way of a year's allowance as widow of the decedent, and an adjudication of the balance owing the estate based on such charges and credits, and this adjudication under the rule mentioned is binding upon her and her surety.

This rule above mentioned is peculiarly applicable to the case at bar as the defendants did not plead that such claim was not considered by the court in its adjudication, nor that the sum of $600 constituted a part of the claim upon which the cause of action in the petition was based. The matters alleged in this defense were therefore res judicata and the court properly sustained the motion to strike as a demurrer to the same and properly rejected evidence tending to prove such defense.

Holding these views, the judgment will be affirmed.

Judgment affirmed.

KLINGER, PJ, and CROW, J, concur.